## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In RE:

Bradley T. Malone,                                                  Case No.: 14-60737
                                                                    Chapter 12

       Debtors

## CHAPTER 12 PLAN DATED FEBRUARY 27, 2015
-------------------------------------------------------------------------------------------------------------

## ARTICLE I
## ADMINISTRATIVE PRIORITY CLAIMS

The Chapter 12 trustee shall make application to the Court for approval of trustee's fees and for any reasonable and necessary expenses of the trustee in effectuating the trustee's duties under the Bankruptcy Code in administering this case. The debtor(s) shall pay an amount equal to five percent (5%) of all payments disbursed by the Chapter 12 trustee as an estimated payment and the trustee shall hold the fee until the trustee's fees and expenses are applied for and approved by the Court. Once the trustee's fees are approved, the trustee shall pay them. If there are excess funds in the account at the end of the case, the money shall be paid to the unsecured creditors and any excess after paying the unsecured creditors shall be paid to the debtors, unless otherwise ordered by the Court. The term of this plan shall be five years.

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

CLASS I:      United States Department of Agriculture ("USDA-FSA")

CLASS II:     Velde Moore, Ltd.

CLASS III:    Unsecured Creditors

## ARTICLE III

## CLASS I

Class I consists of the claim of USDA - FSA which consists of multiple loans that are cross collateralized against real property and chattel property. Pursuant to FSA's claim, there is a loan balance of $351,314.66 of which $296,651.00 is secured. The debtor shall pay the secured part of the obligation in two parts: one part over a thirty year amortization equal to the value of the real estate, $272,000.00 and the second part over a eight year amortization equal to the value of the chattel, $24,651.00. FSA shall receive 4% interest and the debtor will make bi annual payments in June and December beginning, June 2015 .

| Real Estate | June | December | Trustee | Annual Payment |
|---|---|---|---|---|
| $272,000.00 | $7,824.89 | $7,824.89 | $782.50 | $16,432.28 |

| Chattel | | | | |
|---|---|---|---|---|
| $24,651.00 | $1,815.55 | $1,815.55 | $181.56 | $3,812.66 |

The Debtors do not intend to seek to avoid any of this creditor's liens as to its non-purchase money security interest in the tools of trade of the Debtors. FSA's security agreements and mortgage shall remain in effect. Debtors will maintain property insurance in an amount equal to the FSA debt with FSA named as a loss payee. Debtors will pay all real estate taxes as and when due. Failure to pay post-petition real estate taxes will constitute grounds for dismissal of this bankruptcy case. All FSA loan servicing regulations will remain in force until the FSA debt is paid in full. The attached cash flow projections anticipate the purchase of inputs for the crop production operation. The debtors shall not be precluded from applying for all farm programs administered by Farm Service Agency in the future.

## CLASS II

Class II is comprised of Velde Moore, Ltd., in the amount of $6,000.00, which claim is for attorney's fees associated with this filing. This claim shall be paid over a period of 36 months bi annually at a rate of $2,000.00 per year. In addition the debtors shall provide the trustee with such additional funds as are necessary to provide for the trustee fees on such payment.

| Attorney Fees | June | December | Annual Payment |
|---|---|---|---|
| $6,000.00 | $600.00 | $600.00 | $1,200.00 |

## CLASS III

Class III is that of all unsecured creditors. The debtors propose to withhold each year sums of money for reasonable and necessary expenses to preserve and continue the debtor's farm operation. Such expenses include, but are not limited to, purchases of capital improvements, machinery and equipment, and general annual operating expenses, as shown herein. The amounts described herein shall not exceed $5,000 per year and in aggregate shall not exceed $20,000 in accumulated capital improvement reserves.

Payments shall be made equal to at least amounts called for in the liquidation analysis.
The debtors shall commit all disposable income to the completion of the plan, the duration of this plan shall be five years. Debtor shall pay only timely filed claims.

| Unsecured Claims | June | December | Annual Payment |
|---|---|---|---|
| Undetermined | $4,500.00 | $4,500.00 | $9,000.00 |

# ARTICLE IV
## LIQUIDATION ANALYSIS

The Liquidation Analysis as required under Section 1225 (a) (4) is attached as Attachment A. This analysis represents the values as a result of using the Federal exemptions.

# ARTICLE V
## EXECUTORY CONTRACTS

The debtor does hereby assume and agree to continue any and all executory contracts with USDA, except as to loan obligations as effected hereby.

# ARTICLE VI
## FARM INCOME AND EXPENSES

The debtor shall satisfy the obligations of this plan through income from farm and non-farm earnings, see attached  Exhibit A

### POST-PETITION CREDITORS AND SUPPLIERS

The debtor shall administer contracts on all post-petition contracts outside of the plan.

The following table describes the annual payment amounts called for herein, payments will be made monthly to the trustee.

| CLASS | PAYMENT | TRUSTEE FEE | TOTAL |
|---|---|---|---|
| CLASS I | $ 15,649.78 | $ 782.50 | $16,432.28 |
| CLASS I Chattel | $ 3,631.10 | $ 181.56 | $ 3,812.66 |
| CLASS II | $ 2,000.00 | $   n/a | $ 2,000.00 |
| CLASS III | $ 9,000.00 | $ 450.00 | $ 9,450.00 |
| CLASS IV | $ | $ | $ |
| CLASS V | $ | $ | $ |
| CLASS VI | $ | $ | $ |
| TOTAL | $ 30,280.88 | $ 1,414.06 | $31,694.94 |

Dated: February 27, 2015                    /e/ Bradley T. Malone
                                            Bradley T. Malone

|  | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **CASH INFLOWS** | | | | | | | | | | | | | |
| Beg cash bal | 500 | 1333 | 1767 | 1711 | 1995 | 5814 | 3657 | 6248 | 3641 | 2960 | 18608 | 28054 | 500 |
| Alfalfa Hay | - | - | - | - | - | - | - | - | - | - | 15876 | - | 15876 |
| Alf/Gr Mixed | - | - | - | 9240 | 0 | - | 5198 | - | - | 17280 | - | - | 31718 |
| Pers. wages | | | | | | | | | | | | | |
| Lund wages | 1833 | 1833 | 1833 | 1833 | 1833 | 1833 | 1833 | 1833 | 1833 | 1833 | 1833 | 1833 | 22000 |
| Total inflow | 2333 | 3167 | 3600 | 12784 | 3828 | 7648 | 10688 | 8081 | 5474 | 22073 | 36318 | 29887 | 70094 |
| **CASH OUTFLOWS** | | | | | | | | | | | | | |
| Fuel & oil | - | - | - | 625 | 625 | 625 | 625 | 625 | 625 | 625 | 625 | - | 5000 |
| Repairs | - | - | 889 | 889 | 889 | 889 | 889 | 889 | 889 | 889 | 889 | - | 8000 |
| RE taxes | - | - | - | - | 950 | - | - | - | - | 950 | - | - | 1900 |
| Farm insur. | - | - | - | - | 300 | - | - | - | - | - | - | - | 300 |
| Dues & fees | | | | | | | | | | | | | |
| lawyer | - | - | - | - | - | - | - | - | - | 1 | - | - | 1 |
| tuition | - | 400 | - | - | - | - | - | - | - | - | - | - | 400 |
| Total | - | 400 | - | - | - | - | - | - | - | 1 | - | - | 401 |
| Misc. | | | | | | | | | | | | | |
| balingsuppl | - | - | - | - | - | 167 | 167 | 167 | - | - | - | - | 500 |
| baling&wrap | - | - | - | - | - | 1760 | 1760 | 1760 | - | - | - | - | 5280 |
| Total | - | - | - | - | - | 1927 | 1927 | 1927 | - | - | - | - | 5780 |
| Accounts pay | | | | | | | | | | | | | |
| Old Lf Rvr A | - | - | - | 4275 | - | - | - | - | - | - | - | - | 4275 |
| Old vet bil | - | - | - | 3000 | - | - | - | - | - | - | - | - | 3000 |
| Mach rprs | - | - | - | 1000 | - | - | - | - | - | - | - | - | 1000 |
| Total | - | - | - | 8276 | - | - | - | - | - | - | - | - | 8276 |
| Living/Draw | 1000 | 1000 | 1000 | 1000 | 1000 | 1000 | 1000 | 1000 | 1000 | 1000 | 1000 | 1000 | 12000 |
| Min end bal | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Tot. outflow | 1000 | 1400 | 1889 | 10790 | 3764 | 4441 | 4441 | 4441 | 2514 | 3465 | 2514 | 1000 | ~~41xxx~~ 33,381 |
| Opr. surplus | 1333 | 1767 | 1711 | 1995 | 64 | 3207 | 6248 | 3641 | 2960 | 18608 | 33804 | 28887 | ~~28xxx~~ 36,713 |

## Exhibit B

## Liquidation Analysis

| Asset | Value | Liens | Exemption | Equity |
|---|---|---|---|---|
| Real Property | $272,000.00 | $272,000.00 | 0.00 | 0.00 |
| Cash | $500.00 | n/a | $500.00 | 0.00 |
| Checking Account | $870.58 | n/a | $870.58 | 0.00 |
| Furniture & Household | $3,500.00 | n/a | $3,500.00 | 0.00 |
| Clothing | $800.00 | n/a | $800.00 | 0.00 |
| Hunting Guns | $2,200.00 | n/a | $2,200.00 | 0.00 |
| Term Life Ins. | $0.00 | n/a | 0.00 | 0.00 |
| 401K | $5,000.00 | n/a | $5,000.00 | 0.00 |
| 99 Dodge Dakota | $500.00 | n/a | $500.00 | 0.00 |
| Farm Machinery | $23,200.00 | 11,745.58 | $11,454.42 | 0.00 |
| Crops | $18,363.00 | 18,363.00 | $0.00 | 0.00 |

**Liquidation Analysis: $0.00**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:
**BRADLEY T MALONE**

Debtor(s).

**SIGNATURE DECLARATION**

Case No. _____

___ PETITION, SCHEDULES & STATEMENTS
___ CHAPTER 13 PLAN
___ SCHEDULES AND STATEMENTS ACCOMPANYING VERIFIED CONVERSION
___ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
___ MODIFIED CHAPTER 13 PLAN
_X_ OTHER (Please describe: Chapter 12 Plan                    )

　　　　I [We], the undersigned debtor(s) or authorized representative of the debtor, *make the following declarations under penalty of perjury:*

- The information I have given my attorney and provided in the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;
- The information provided in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case is true and correct;
- **[individual debtors only]** If no Social Security Number is included in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case, it is because I do not have a Social Security Number;
- I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration and the completed "Debtor Information Pages," if applicable; and
- **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date: 2-27-15

X _Bradley T Malone_          X _____
Signature of Debtor or Authorized Representative          Signature of Joint Debtor

**BRADLEY T MALONE**          _____
Printed Name of Debtor or Authorized Representative          Printed Name of Joint Debtor

Form ERS 1 (Rev. 10/03)